FILED
 2016 Mar-16  AM 09:28
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **MARK ANTHONY TOYER,**  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | Case No.:  1:15-CV-8019-VEH |
| ) | (1:06-CR-361-VEH-JEO) |
| **UNITED STATES OF**  ) | |
| **AMERICA,**  ) | |
| ) | |
| Respondent.  ) | |

## <u>MEMORANDUM OPINION</u>

Mark Anthony Toyer (hereinafter the "Toyer" or the "defendant") initiated the present action on August 17, 2015, by filing a pro se motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. §2255. (Doc.1). Toyer's motion was filed pursuant to 28 U.S.C. § 2255 and was predicated upon the new rule announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to an order to show cause, on September 8, 2015, the United States filed a Motion To Dismiss 2255 Petition, asserting that *Johnson* is inapplicable. (Doc. 3). Because Toyer's motion was predicated upon the new rule announced in *Johnson*, the motion was referred to the Federal Public Defender for the Northern District of Alabama (hereinafter the "FPD") pursuant to a General Order of this district regarding such motions. The FPD opposed the Government's motion to dismiss by Response in

Opposition, filed October 26, 2015. (Doc. 14). Toyer also responded to the Government's motion to dismiss. (Doc. 13).

Although not raised by any party, the court takes judicial notice that the pending petition is Toyer's second petition brought pursuant to 28 USC § 2255. *See* Motion To Vacate, *Mark Anthony Toyer v. United States*, 1:08-cv-08046-VEH. That motion was denied by the undersigned on November 17, 2009. (*Id.*, Docs. 14, 15). The court further takes judicial notice that Toyer has not demonstrated that he has permission from the Eleventh Circuit Court of Appeals to file this successive petition.

"[A] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). *See also* 28 U.S.C. § 2244(b)(3)(A). Because Toyer has previously sought collateral relief pursuant to § 2255 which was dismissed, and he has not demonstrated that he has obtained permission from the Eleventh Circuit to file a second or successive motion, this Court is without jurisdiction to entertain the instant § 2255 motion. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944–45 (11th Cir.2005); *Farris v. U.S.,* 333 F.3d 1211 (2003) (same); *United States v. Harris*, 546 Fed. Appx. 898, 900 (11th Cir.2013) (unpublished opinion) ("A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a court of appeals.")

(citations omitted).

Because this court lacks jurisdiction to entertain the instant § 2255 Petition, the Government's motion to dismiss will be **GRANTED.** This case will therefore be dismissed without prejudice to allow Toyer the opportunity to seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion.

## ORDER

**ACCORDINGLY**, it is **ORDERED** that:

1. The pending motion to vacate, set aside, or correct sentence (Doc. 1) is **DISMISSED**, without prejudice, for lack of jurisdiction.

2. The Clerk is directed to term all pending motions within this case file and the associated criminal case, *United States v. Toyer*, 1:06-cr-361-VEH-JEO.

3. The Clerk is further directed to send Toyer the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Toyer is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a

district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive § 2255 motion, Toyer cannot make the requisite showing in these circumstances. Finally, because Toyer is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** this the 16th day of March, 2016.

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge